IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Trenna Michelle Grose,              Case No. 20-25361-beh

           Debtor.                    Chapter 13

Trenna Michelle Grose,

           Plaintiff,              Adversary No. 20-02110-beh

v.

City of Milwaukee,

           Defendant.

## DECISION AND ORDER ON DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

The Chapter 13 debtor, Ms. Trenna Grose, filed her bankruptcy petition on July 31, 2020. Case No. 20-25361-beh, ECF No. 1. Shortly thereafter, on August 7, 2020, she filed this adversary proceeding to obtain a declaration that the defendant, the City of Milwaukee, engaged in a transaction that is voidable under 11 U.S.C. § 548(a)(1)(B) when it foreclosed real property to satisfy outstanding property tax obligations, and to set aside that transfer pursuant to § 522(h). ECF No. 1. The City of Milwaukee filed a timely motion to dismiss the adversary complaint, arguing that Ms. Grose lacks standing to pursue her claim. ECF No. 4. At the pre-trial conference, all parties consented to the conversion of the motion to dismiss to a motion for summary judgment. ECF No. 7. *See Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). For the

reasons explained below, the Court denies the defendant's motion for summary judgment and finds that the plaintiff-debtor has standing to pursue her complaint to avoid a fraudulent transfer under 11 U.S.C. §§ 548 and 522(h).

The Court has jurisdiction under 28 U.S.C. § 1334 and the Eastern District of Wisconsin's July 16, 1984, order of reference entered under 28 U.S.C. § 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (H). All parties consented to the Bankruptcy Court's jurisdiction and entry of final judgment under Bankruptcy Rule 7008(a).

## FACTS

The following facts, taken from pleadings and exhibits, are undisputed unless otherwise noted.

On March 11, 2020, the City of Milwaukee filed a petition for tax foreclosure pursuant to Wis. Stat. sec. 75.521,[1] regarding the property at 4871 N. 60th St., Milwaukee, Wisconsin 53218. ECF No. 4, ¶ 1; ECF No. 13, at 5.[2] When the City filed its petition for foreclosure, the property owner of record was Ms. Sonereka Pernell. ECF No. 4, ¶ 2. On March 18, 2020, the City published its "Notice of Commencement of Proceeding In Rem to Foreclose Tax Liens." ECF No. 14-2, at 21. The Notice stated in part:

> [A]ny person having or claiming to have any right, title or interest
> in or upon any such parcel or parcels may, on or before said 27th

---

[1] **Wisconsin Statute Ch. 75, Land Sold for Taxes**, applies not only to counties as described throughout the chapter, but also to "1st class cities." Wis. Stat. sec. 75.06. Milwaukee is a 1st class city, meaning it is authorized by its charter to sell land for nonpayment of taxes. Wis. Stat. sec. 74.87(1).

[2] The parties submitted exhibits as attachments to the briefs on summary judgment. Because neither party has objected to or opposed the other's exhibits, the Court will consider all submissions. Counsel is reminded, however, that the Court expects exhibits to be authenticated.

day of May, 2020, redeem delinquent tax liens by paying to the City Treasurer of the City of Milwaukee the amount of all such unpaid tax liens including assigned county tax liens and in addition thereto all interest and penalty which has accrued on said unpaid tax liens computed to and including the date of redemption.

*Id.* 4871 N. 60th St., Parcel 44, was one of the parcels included in the list of tax liens appended to the Notice. *Id.*

Also, on March 18, 2020, the City Treasurer sent Ms. Pernell a certified letter conveying essentially the same information as the Notice. ECF No. 13, at 7. The letter stated in part:

You have or may have an interest in the tax delinquent parcel listed above. If you wish to retain your interest, if any, in this property, the 2018 and prior year's delinquent taxes, plus accumulated interest and penalty charges and costs, must be paid to the City Treasurer. THE LAST DATE THIS OFFICE WILL ACCEPT PAYMENT IS May 27, 2020. . . . If the total amount due is not paid by **May 27, 2020**, the City of Milwaukee will take title to the property.

*Id.* (emphasis in original). Later, on May 11, 2020, the City Treasurer sent another letter to Ms. Pernell. ECF No. 14-4. It stated in part:

The certified letter addressed to you from the City Treasurer's Office, which was not claimed from the post office, said that the above parcel is in foreclosure proceedings in Milwaukee County Circuit Court. . . . **Payment must be received by this office by June 26, 2020. Since the office is currently closed to the public due to the coronavirus COVID-19 pandemic, you may make your payment on-line or by mail.** . . . If the **2018** and prior year's delinquent real estate taxes on this parcel are not paid in full on or before **June 26, 2020**, the City of Milwaukee will have no choice but to take your property.

*Id.* (emphasis in original).

On July 15, 2020, Ms. Grose recorded a quitclaim deed to the property. ECF No. 4, at ¶ 7. The quitclaim deed was dated June 1, 2020, was signed by Ms. Pernell as grantor, and identified Ms. Grose as the grantee. *Id.*, at ¶ 7–8.[3] After a hearing in Milwaukee County Circuit Court, the City obtained a written judgment for foreclosure on July 15, 2020, the same date that the quitclaim deed was recorded. *Id.*, at ¶ 5–6.[4] The City assessed the property at a fair market value of $56,000.00, while the debtor describes the property as worth $82,520.00. ECF Nos. 1-1, 1-2.

## ARGUMENTS

The City asserts that when Ms. Pernell failed to redeem the property by the statutory date of redemption, she was divested of all interest in the property. The City maintains that the redemption deadline was May 27, 2020,[5] and therefore the June 1 deed was invalid because Ms. Pernell possessed no interest to transfer to Ms. Grose. In support of its argument, the City relies on the statutory interpretation invoked in *Bank of Commerce v. Waukesha Cty.*, 89 Wis. 2d 715, 279 N.W.2d 237 (1979).

The debtor argues that it is not the redemption deadline that operates to divest ownership interest, but rather, the date of the judgment of foreclosure. Because the judgment of foreclosure was entered a month and a half after the deed execution, Ms. Grose received and held an ownership interest before that

---

[3] The record does not include a copy of the quitclaim deed, but the parties do not dispute these details.

[4] The record does not include a copy of the judgment order, but the parties do not dispute these details.

[5] ECF No. 13, at 7; ECF No. 14-1.

judgment was entered. In support of her argument, the debtor cites the statutory analysis of *Leciekewski v. Sedlak*, 116 Wis. 2d 629, 342 N.W.2d 734 (1984). Alternatively, the debtor argues that even if the redemption deadline serves to divest the owner's interest, the City's May 11, 2020 letter[6] extended the time to redeem through June 26, 2020, which also is after the date of deed execution. The City responds that the *Bank of Commerce* decision, as it applies Wis. Stat. sec. 75.521(5), does not brook any extension of the redemption deadline.

## DISCUSSION

The taking of land by the government from an individual for failure to pay taxes on the land is "a very drastic measure." *Topps v. Cty. of Walworth*, 2003 WI App 30, ¶ 19, 260 Wis. 2d 225, 659 N.W.2d 177 (citing *Waukesha Cty. v. Young*, 106 Wis. 2d 244, 249, 316 N.W.2d 362 (1982)) (noting that jurisdiction to enter foreclosure judgment requires strict compliance with statutory procedures). The issue presented here is one of standing: under the applicable statutes, did the debtor, Ms. Grose, have an interest in the property within two years of her bankruptcy petition date, such that the City's *in rem* tax foreclosure ultimately may constitute a constructively fraudulent transfer under 11 U.S.C. § 548(a)(1)(B)?

As an initial matter, even though the record lacks a copy of the deed, there is no real dispute that the formal requisites for real estate conveyance

---

[6] ECF No. 5-1; ECF No. 14-4.

under Wis. Stat. sec. 706.02(1)(a)–(g)[7] were met. Accordingly, the quitclaim deed conveyed whatever interest Ms. Pernell possessed in the real estate to Ms. Grose at the time she delivered the deed—on or about June 1, 2020.

But the City argues that the quitclaim deed is of no effect, because as of June 1, 2020, Ms. Pernell had no interest in the real estate to transfer to the debtor. The City contends that Wis. Stat. sec. 75.521(5) mandates that Ms. Pernell lost her interest when she failed to redeem the property by May 27, 2020. The Court turns its analysis to that statutory scheme.

## A.    The Tax Lien Foreclosure Statutory Provisions

To find a statute's meaning, the Court first consults the text. *In re Saxe*, 491 B.R. 244, 253 (Bankr. W.D. Wis. 2013) (citing *Armor All Prods. v. Amoco Oil Co.*, 194 Wis. 2d 35, 50, 533 N.W.2d 720 (1995)). Individual provisions are considered against the context of the full statute and related sections. *Id.*(citing *Dubis v. GMAC*, 238 Wis. 2d 608, 612, 618 N.W.2d 266 (Ct. App. 2000)). An interpretation or construction "which would make part of a statute superfluous

---

[7] Wis. Stat. § 706.02 Formal requisites, provides:
(1) Transactions under s. 706.001(1) (conveyances of real property) shall not be valid unless evidenced by a conveyance that satisfies all of the following:
(a) Identifies the parties; and
(b) Identifies the land; and
(c) Identifies the interest conveyed, and any material term, condition, reservation, exception or contingency upon which the interest is to arise, continue or be extinguished, limited or encumbered; and
(d) Is signed by or on behalf of each of the grantors; and
(e) Is signed by or on behalf of all parties, if a lease or contract to convey; and
(f) Is signed, or joined in by separate conveyance, by or on behalf of each spouse, if the conveyance alienates any interest of a married person in a homestead under s. 706.01(7) except conveyances between spouses, but on a purchase money mortgage pledging that property as security only the purchaser need sign the mortgage, and
(g) Is delivered. Except under s. 706.09, a conveyance delivered upon a parol limitation or condition shall be subject thereto only if the issue arises in an action or proceeding commenced within 5 years following the date of such conditional delivery; . . . .

should be avoided whenever possible." *Winebow, Inc. v. Capitol-Husting Co., Inc.*, 867 F.3d 862, 868 (7th Cir. 2017) (citing *Ziegler Co., Inc. v. Rexnord, Inc.*, 147 Wis. 2d 308, 433 N.W.2d 8, 12 (1988)). But if the meaning is clear from the text, the analysis concludes. *Id.*

Once a property owner has been sufficiently delinquent in paying property taxes such that the county or City has included the land in a tax certificate, the municipality may commence a proceeding to foreclose its tax lien. Under Wis. Stat. sec. 75.521(3), the treasurer may file a list of such delinquent parcels in the office of the clerk of the local circuit court, and provide notice to the property owners, by certified letter[8] and by publication.[9]

---

[8] Wis. Stat. sec. 75.521(3) Commencement of Proceeding to Foreclose Tax Lien.
. . .
(am)4. A petition to the court for judgment vesting title to each of said parcels of land in the county, as of the date of entry of judgment and barring any and all claims whatsoever of the former owner or any person claiming through and under the former owner since the date of filing the list of tax liens in the office of the clerk of the circuit court.
. . .
(b) Such list of tax liens shall be verified by affidavit of the county treasurer and shall be posted in the treasurer's office. The filing of such list of tax liens ... shall constitute ... the commencement of a special proceeding by the county against each parcel of real estate therein described . . . .
(c) A copy of the petition and so much of the list of tax liens as shall include the description of a particular parcel shall be mailed by registered or certified mail, return receipt requested, by the county treasurer to the last-known post-office address of each owner and mortgagee of record . . . .

[9] **Wis. Stat. sec. 75.521(6) Public Notice of In Rem Proceedings.** Upon the filing of such list in the office of the clerk of the circuit court, . . . [t]he treasurer shall cause such notice, together with the list of tax liens and petition, to be published as a class 3 notice, under ch. 985. Such notice shall be in substantially the following form: NOTICE OF COMMENCEMENT OF PROCEEDING IN REM TO FORECLOSE TAX LIENS BY . . . COUNTY . . . TAKE FURTHER NOTICE That all persons having or claiming to have any right, title or interest in or lien upon the real property described in said list of tax liens are hereby notified that a certified copy of such list of tax liens has been posted in the office of the county treasurer of ... county and will remain posted for public inspection upon to and including . . . (*here insert date at least 8 weeks from the date of the first publication of this notice)* which date is hereby fixed as the last day for redemption . . . . (emphasis in original).

Pursuant to Wis. Stat. sec. 75.521(6), the redemption deadline must be "at least eight weeks from the date of the first publication of this notice" of foreclosure proceedings. Here, the notice was published in *The Daily Reporter* on March 18, 2020 and reported the redemption deadline as May 27, 2020. ECF No. 14-2, at 21. The second response option for a property owner involves a later date. Under Wis. Stat. sec. 75.521(5), the property owner may file an answer to the foreclosure proceeding "within 30 days after the date mentioned in the notice published pursuant to sub. (6)," or by June 26, 2020.[10]

Even though Ms. Pernell did not undertake either option, she retained the right at least to file an answer to the foreclosure complaint up until June 26, and then to have it ruled upon by the state court. According to Wis. Stat. sec. 75.521(8),[11] the state court shall render final judgment vesting the

---

[10] **Wis. Stat. sec. 75.521(5) Rights of Persons Having an Interest in Parcels of Land Affected by Tax Liens.** Every person, . . . having any right, title or interest in, or lien upon, any parcel described in such list may redeem such parcel by paying all of the sums mentioned in such list of tax liens together with interest thereon and the reasonable costs that the county incurred to initiate the proceedings under sub.(3) plus the person's share of the reasonable costs of publication under sub. (6), or such portion thereof as is due for the interest therein or part thereof owned by such person which amount shall be determined by the county treasurer on application, before the expiration of the redemption period mentioned in the notice published pursuant to sub. (6), or may serve a verified answer upon the county treasurer of such county, as provided in sub. (7). . . Such answer must be served on said county treasurer and filed in the office of the clerk of the circuit court within 30 days after the date mentioned in the notice published pursuant to sub. (6), as the last day for redemption. In the event of the failure to redeem or answer by any person having the right to redeem or answer within the time herein limited, such person, and all persons claiming under and through that person, from and after the date of the filing of said list of tax liens with the clerk of the circuit court, *shall be forever barred and foreclosed* of all his or her right, title and interest in and to the parcel described in such list of tax liens and a judgment in foreclosure *may be taken* as herein provided. . . . (emphases added).

[11] **Wis. Stat. § 75.521(8) Duty of the Court to Enter Judgment in Default Cases.** In the event of the failure to redeem or answer by any person having the right to redeem or answer as hereinabove provided, such person and all persons claiming under and through that person, from and after the date of the filing of the list of tax liens in the office of the clerk of the circuit court of the county, *shall be forever barred and foreclosed* of all right, title and interest and equity of redemption in and to the parcel described in such list of the tax liens, and upon filing

municipality with the estate in fee simple absolute if two things happen: (1) the property owner fails to redeem the property or answer the proceedings, and (2) the municipality files an affidavit attesting that the property owner failed to take action. The foreclosure judgment "shall have the effect of the issuance of a tax deed . . . and of a judgment to bar former owners and quiet title thereon." *Id.* Here, the two predicate events occurred, and the state court entered its foreclosure judgment on July 15, 2020.

**B.    Caselaw Applying the Tax Foreclosure Provisions**

The City argues that this Court is bound solely by the statutory interpretation of the Wisconsin Supreme Court in *Bank of Commerce.* It is true, as the Seventh Circuit has reminded, that "[s]tate courts are the final arbiters of state law." *Barger v. State of Ind.*, 991 F.2d 394, 396 (7th Cir. 1993). But if the state court has answered a question different than the one presented to the federal court, the bindings are loosened. *See ADT Security Services, Inc. v. Lisle-Woodridge Fire Protection Dist.*, 672 F. 3d 492, 498 (7th Cir. 2012) (explaining, in a diversity case, that federal courts look for guiding decisions of state supreme courts when interpreting state statutes, but when such guidance is

---

of an affidavit of such default or failure of redemption by the county treasurer of such county, the court in which such list of tax liens is filed, *shall render final judgment* ordering and adjudging that the county is vested with an estate in fee simple absolute in such lands, ... and all persons, both natural and artificial, including the state of Wisconsin, infants, individuals adjudicated incompetent, absentees, and non-residents who may have had any right, title, interest, claim, lien or equity of redemption in such lands, *are forever barred and foreclosed* of such right, title, interest , claim, lien or equity of redemption. . . Such judgment shall have the effect of the issuance of a tax deed or deeds and of judgment to bar former owners and quiet title thereon.

lacking, a declaration and application of state law by an intermediate court should be followed) (citations omitted).

The *Bank of Commerce* case, as cited by the City, primarily concerned the interests of a mortgage lien holder at a point of overlapping mortgage foreclosure and tax lien foreclosure proceedings. The Wisconsin Supreme Court was asked to determine which entity was the "former owner" of certain real estate for purposes of preference purchase rights under Wis. Stat. sec. 75.35(3). The potential "former owner" was either a bank, which was both a lien holder and sheriff's sale purchaser, or the mortgagee and original property holder, Ginkids. 89 Wis. 2d at 717. Neither the bank nor Ginkids had paid certain property taxes while the mortgage foreclosure proceedings were pending. While the supreme court did consider when "the former owner" lost title to the real estate as a result of failing to redeem, *id.* at 721, it did not take into account the additional 30 days to file an answer to the notice of foreclosure allotted by subsection (6), because the facts had not presented that alternative. Nor, as a practical matter, did *Bank of Commerce* address any other rights the original property holder may have retained up until the time of judicial confirmation of the sheriff's sale (to the mortgage lien holder) or until the time the tax foreclosure judgment was entered in favor of the county. The *Bank of Commerce* holding was not, as the City tries to characterize it, that all of the property holder's rights cease prior to entry of the foreclosure judgment.

Five years later, the state supreme court in *Leciejewski v. Sedlak,* 116 Wis. 2d at 631, had cause, unlike in *Bank of Commerce,* to recognize all of the

options available to a property owner before entry of a foreclosure judgment.

The *Sedlak* court also noted that "a judgment of foreclosure rendered pursuant

to either sec. 75.521(8) . . . or sec. 75.521(13) . . . has the effect of the issuance

of a tax deed to the county." *Sedlak*, 116 Wis. 2d at 638. In *Sedlak*, the court

described that a tax deed "creates a new title that extinguishes all former titles

and liens not expressly exempted from its operation." *Id.* at 639. The *Sedlak*

court reinforced the premise that it is the foreclosure judgment—and not

simply expiration of the redemption deadline—that eliminates all rights the

property owner had in the real estate:

> We have previously held that the language in sec. 75.521(8)
> concerning the fee simple interest that the county (or city) acquires
> and the various rights, titles, and interests in the property that are
> cut off by a foreclosure judgment, ". . . is inconsistent with the idea
> that such a foreclosure may grant the county good title as to one
> person, but not as to another." . . . We therefore conclude that the
> effect of the 1976 foreclosure judgment was to extinguish all rights,
> titles, and interests in the property subject to the foreclosure,
> including the Sedlaks' claim based on adverse possession under
> sec. 893.25. The interest in the disputed property that the
> Leciejewskis acquired from the county is a fee simple interest, and
> their title defeats the Sedlaks' claim of ownership based on adverse
> possession.

*Id.* at 639–40 (quoting *Foreclosure of Tax Liens v. Young*, 106 Wis. 2d 244, 252

(1982)). The *Young* court used vivid verbs to explain that it is the foreclosure

judgment that transfers title: Sec. 75.521(8) "provides that a foreclosure

judgment vests in the county a fee simple absolute and *cuts off* any 'right, title,

interest, claim, lien or equity of redemption' of any person in the land." 106

Wis. 2d at 252 (emphasis added). The *Young* court noted: "[A] tax deed is not

derivative but creates a new title in the nature of an independent grant from

the sovereignty, *extinguishing* all former titles and liens not expressly exempted from its operation." 106 Wis. 2d at 251 (emphasis added) (quoting *Jensen Livestock Co. v. Custer Cty.*, 113 Mont. 285, 295–96, 124 P.2d 1013, 1018 (1942)).

Notably, the City of Milwaukee has encountered, and even embraced, the effect of the *Young* and *Sedlak* interpretations before. In *Clay v. City of Milwaukee (In re Clay)*, the bankruptcy court's decision necessarily was grounded on the date of the foreclosure judgment, and not an earlier date, as the point at which the debtor-property owner's interest in her home was foreclosed, or cut off, as a result of an *in rem* tax foreclosure proceeding brought by the City of Milwaukee. Adv. No. 14-2315-gmh, 2015 WL 3878454 (Bankr. E.D. Wis. June 22, 2015). The City did not disagree. While the issue in *Clay* was whether the debtor had received reasonably equivalent value for the transfer of her interest in her real property under 11 U.S.C. § 548, the court cited to *Sedlak* to explain that "[a]fter the tax foreclosure [judgment], Ms. Clay remained personally liable to Chase Home Finance for the full amount of debt under the promissory note, which the mortgage had secured." *Id.* at *3.[12]

---

[12] In *Clay*, the City and the debtor stipulated that "Debtor's former property . . . was the subject of an *in rem* tax foreclosure action brought by the City . . . Pursuant thereto, judgment was rendered by the circuit court on June 2, 2014, foreclosing Debtor's interest in the Property and vesting with the City fee simple absolute title to the Property, free and clear of all liens and encumbrances (the 'Tax Foreclosure Judgment')." Adv. No. 14-2315-gmh, ECF No. 21, at 1. The City's brief reiterated that view of the effect of the foreclosure judgment: "Pursuant thereto, the circuit court rendered a judgment on June 2, 2014 foreclosing the debtor's interest in the Property and vesting with the City fee simple absolute title to the Property (the 'Tax Foreclosure Judgment'). Adv. No. 14-2315-gmh, ECF No. 26, at 2.

Similarly, in *City of Milwaukee v. Gillespie (In re Gillespie)*, the bankruptcy court, district court, and the City considered, for purposes of 11 U.S.C. § 548, the transfer dates to be the date of the foreclosure judgments, where the issue to be decided in those combined cases was whether the transfers were made for "reasonably equivalent value." 487 B.R. 916, 919 (E.D. Wis. 2013) ("[T]he City argues that (1) a judgment of foreclosure constitutes 'reasonably equivalent value' . . . ."). The *Gillespie* court went on to find that "a judgment of foreclosure, based solely upon delinquent taxes in a non-sale foreclosure proceeding, does not necessarily provide a property owner 'reasonably equivalent value' for real estate without a public sale offering." *Id.* at 920.

Taking the City's statutory argument here literally would lead to an absurdity, creating a "ghost gap" in property ownership. If applied practically, two things happen: (1) after expiration of the redemption deadline, an owner has no rights at all in the property, and (2) at the same time, no one else holds title or rights to the property—at least until whenever the tax lien foreclosure judgment is entered and "creates a new title" in the form of a tax deed to the City (or county). *See Young*, 106 Wis. 2d at 251. Not only does this "gap" argument conflict with the City's positions in prior cases, it defies the statutory text and caselaw interpretation.[13]

---

[13] This argument also defies the City's advertised practice. The "Overview of the Delinquent General Real Estate Property Tax Collection Process," published by the City Treasurer, describes the City's "three-phase tax enforcement process." ECF No. 14-3. On the second page, the Overview explains: "The eight-week redemption period is followed by a four-week period. During this period, those being foreclosed upon have an opportunity to respond to or answer the foreclosure action. There are only three valid defenses against an in rem foreclosure action

Section 75.521(5) prescribes that when a property owner fails to redeem or answer "within the time herein limited," any person having such right "*shall be* forever *barred* and foreclosed of all his right, title and interest in and to the parcel described . . . and a judgment in foreclosure *may be taken* . . . ." (emphasis added). Subsection (5) describes a consequence, and a mechanism to enforce that consequence, using future tense verbs—"shall be . . . barred" and "may be taken"—all signifying potential action. The consequence—foreclosing, or cutting off, or extinguishing, all of the property owner's right, title and interest—is not enforced unless and until a foreclosure judgment is entered. In contrast, subsection (8) uses a present tense verb to describe action that is accomplished after the two predicate conditions are met: "In the event of the failure to redeem or answer by any person having the right to redeem or answer . . . , such person . . . shall be forever barred and foreclosed of all right, title and interest and equity of redemption in and to the parcel . . . and upon filing of an affidavit of such default or failure of redemption by the county treasurer of such county the court . . . shall render final judgment ordering and adjudging that the county is vested with an estate in fee simple absolute in such lands. . . and all persons . . . who may have had any right, title, interest, claim, lien or equity of redemption in such lands, *are forever barred and foreclosed* of such right, title, interest, claim, lien or equity of redemption." (emphasis added). Subsection (8) is plain. All persons who had any right, title

_____

. . . . If the taxes are not paid and no valid defense is raised, the City of Milwaukee is granted a foreclosure judgment by the Milwaukee County Circuit Court and takes ownership of the tax delinquent parcels." *Id.* at 2.

or interest, which in this case included debtor Ms. Grose, were barred and foreclosed by the July 15, 2020 foreclosure judgment, because the two predicate conditions had been met—no redemption amount had been paid or answer filed, and an affidavit of default had been submitted by the treasurer.

## C.     The City's Ability to Extend the Redemption Deadline

The debtor makes an alternative argument that the City extended the deadline for redemption via letter. The City's May 11, 2020 letter states: "If the **2018** and prior year's delinquent real estate taxes on this parcel are not paid in full on or before **June 26, 2020**, the City of Milwaukee will have no choice but to take your property." ECF No. 5-1; ECF No. 14-4 (emphasis in original). The Wisconsin Court of Appeals previously has approved a county's extension of a redemption deadline: "[N]othing in [Wis. Stat. sec.] 75.521 precludes the County from extending the time permitted for redemption." *Sagert v. Waukesha County Treasurer (In re Foreclosure of Tax Liens Under Sec. 75.521, Wis Stats.),* 2006 WI App 130, ¶ 26, 294 Wis. 2d 696, 717 N.W.2d 853. In *Sagert,* the newspaper publication initiated by the Waukesha County Treasurer identified May 7, 2004 as the last day to redeem, while a subsequent letter from the treasurer stated that the property owners could redeem through different procedures (under one procedure between May 7, 2004 and an August 2, 2004 default judgment hearing, and under another procedure up until 60 days after the hearing date). The court found no basis to conclude that the County's extension of the redemption deadline violated Wis. Stat. sec. 75.521. *Id.*

Here, it may well be that the COVID-19 pandemic prompted the City of Milwaukee to give property owners like Ms. Pernell additional time to pay delinquent taxes and redeem their property. Due process requirements already were satisfied by the certified letter and newspaper publication. Under *Sagert*, nothing precluded the City from extending the time permitted for redemption. The *Bank of Commerce* court was not asked to address whether sec. 75.521 allowed municipalities to extend the redemption time, but nothing in its analysis would preclude extending and naming a new "specified period of redemption," particularly as sec. 75.521(6) allows for a date "*at least* 8 weeks from the date of the first publication of the notice." (emphasis added). Due process does not demand that the initial notice spell out the taxing authority's ability to extend the redemption deadline. *See, e.g., Ritter v. Ross*, 207 Wis. 2d 477, 494, 558 N.W.2d 909 (Ct. App. 1996) (due process does not require notices to state that should the tax lien be foreclosed and property sold, the municipality may retain all the proceeds).

## CONCLUSION

Ms. Pernell held a property interest in the real estate on June 1, 2020, sufficient to transfer her interest to debtor Ms. Grose via quitclaim deed. Later, when the real property was part of an *in rem* tax lien foreclosure proceeding, the circuit court foreclosed the debtor's interest in the property and vested title to the property in the City of Milwaukee in satisfaction of outstanding real estate taxes. The transfer of the debtor's interest to the City on July 15, 2020 was within two years of Ms. Grose filing her Chapter 13 bankruptcy.

Accordingly, the debtor has standing to bring her action to avoid defendant's judgment under 11 U.S.C. § 548 and 11 U.S.C. § 522(h). The Motion for Summary Judgment is DENIED, and the matter will be set for further proceedings on the remaining elements of debtor's claim.

Dated: July 14, 2021

By the Court:

Beth E. Hanan
United States Bankruptcy Judge